COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-359-CR

 

 

THOMAS LYNN CURRY                                                        APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

A jury convicted Appellant Thomas Lynn Curry of
delivery of between four and two-hundred grams of a controlled substance, and
the trial court sentenced him to twenty-five years=
confinement.  In a single point, Curry
argues that the trial court abused its discretion by admitting in evidence
unadjudicated extraneous offenses.  We
will affirm.








On October 11, 2006, Officer Alexander Simmons of
the Arlington Police Department received information that an individual going
by the name of AT@ was
possibly selling narcotics.  Officer
Simmons called a telephone number, spoke to AT,@ and
told AT@ that he
wanted to purchase a Aquarter@ of
crack cocaine.  AT@ called
Officer Simmons back ten minutes later and told Officer Simmons to meet him at
the Budget Suites in Arlington.  Officer
Simmons went to the motel, met AT@ in the
parking lot, and accompanied him to one of the motel rooms.  Inside the room, AT@ gave
Officer Simmons an off-white, rock-like substance that was subsequently tested
and determined to be cocaine.  AT@ weighed
the substance on a digital scale, and Officer Simmons paid AT@ $175.
Officer Simmons was in the motel room with AT@ for
approximately four to five minutes and was able to get a good look at AT.@

Officer Simmons did not intend to arrest AT@ on
October 11, 2006; he only sought to establish Asome
type of rapport@ with him so that he could
purchase additional, larger quantities of narcotics from him at a later
time.  After the initial transaction,
however, Officer Simmons was unable to make any other Abuys@ from AT.@  Therefore, his next step was to determine AT=s@
identity.








On October 17, 2006, Officer Simmons saw AT@ out
front of the Arlington Inn, which is located about two to three blocks from the
Budget Suites where the October 11, 2006 transaction occurred.  Officer Simmons called for a patrol officer
to come and identify AT.@  Officer Norman Nillpraphan arrived and made
contact with AT.@  AT@ told
Officer Nillpraphan that he was not supposed to be on the property and that he
had to leave, and he admitted that he had a criminal trespass warning.  Officer Nillpraphan confirmed that AT@ had a
criminal trespass warning, and he arrested AT@ after a
backup officer arrived.  While performing
a search incident to arrest, Officer Nillpraphan discovered an off-white,
rock-like substance in AT=s@ pocket
that was subsequently tested and determined to be cocaine.

Officer Nillpraphan informed Officer Simmons that
AT@ had
been identified and arrested.  Officer
Simmons obtained AT=s@ name,
retrieved a Ajail folder@ and
photograph related to the name, and recognized the individual in the photograph
as the same person who delivered cocaine to him on October 11, 2006.  At trial, Officer Simmons identified AT@ as
Curry.

In his sole point, Curry argues that the trial
court abused its discretion by admitting in evidence the unadjudicated October
17, 2006 extraneous cocaine possession and trespass offenses.  Arguing that the introduction of the
extraneous offenses served merely to try him as a criminal generally, Curry
challenges the State=s contention at trial that the
offenses were admissible to establish his identity.








Evidence of other crimes, wrongs, or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith.  Tex. R. Evid.
404(b); Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990)
(op. on reh=g).  This rule reflects the well-established
principle that a defendant should not be tried for some collateral crime or for
being a criminal generally.  Soffar v.
State, 742 S.W.2d 371, 377 (Tex. Crim. App. 1987).  Evidence of prior criminal conduct may,
however, be admissible if it is logically relevant to prove some other fact,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. 
Tex. R. Evid. 404(b); Johnston v. State, 145 S.W.3d 215, 219
(Tex. Crim. App. 2004).  For extraneous
offense evidence to be admissible under rule 404(b), the evidence must be
relevant to a fact of consequence in the case apart from its tendency to prove
conduct in conformity with character.  Johnston,
145 S.W.3d at 220.  Evidence is relevant
if it has any tendency to make the existence of any fact that is of consequence
to the determination of the action more probable or less probable than it would
be without the evidence.  Tex. R. Evid.
401.








An extraneous offense may be admissible to prove
identity only if the identity of the perpetrator is at issue in the case.  Page v. State, 213 S.W.3d 332, 336
(Tex. Crim. App. 2006).  Identity can be
raised by cross-examination, such as when the identifying witness is impeached
on a material detail of the identification. 
Page v. State, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004).  When the State uses an extraneous offense to
prove identity by comparing common characteristics of the crime, the extraneous
offense must be so similar to the charged offense that it illustrates the
defendant=s Adistinctive
and idiosyncratic manner of committing criminal acts.@  Page, 213 S.W.3d at 336; Lane v.
State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996); see also Segundo v.
State, No. AP-75604, 2008 WL 4724093, at *4B5 (Tex.
Crim. App. Oct. 29, 2008).  The evidence
must demonstrate a much higher degree of similarity to the charged offense than
extraneous acts offered for other purposes, such as intent.  Bishop v. State, 869 S.W.2d 342, 346
(Tex. Crim. App. 1993).

In reviewing the decision to admit extraneous
offense information, appellate courts should take into account the specific
characteristics of the offenses and the time interval between them.  Thomas v. State, 126 S.W.3d 138, 144
(Tex. App.CHouston [1st Dist.] 2003, pet.
ref=d).  Sufficient similarity may be shown by
proximity in time and place or by a common mode of committing the offense.  Id.; see also Lane, 933 S.W.2d
at 519.  The extraneous offense and the
charged offense can be different offenses so long as the similarities between
the two offense are such that the evidence is relevant.  Thomas, 126 S.W.3d at 144.








We will not disturb a trial court=s
evidentiary ruling absent an abuse of discretion.  Winegarner v. State, 235 S.W.3d 787,
790 (Tex. Crim. App. 2007).  As long as
the trial court=s ruling is within the zone of
reasonable disagreement and is correct under any theory of law, it must be
upheld.  Id.

Here, Curry=s
identity as the individual responsible for delivering cocaine to Officer
Simmons on October 11, 2006, was not only at issue in the case, it was also
Curry=s
primary defensive theory.  Although
Officer Simmons testified that he was able to get a good look at Curry in the
motel room, he agreed during cross-examination that Ait was
[his] intent to make a buy and not really observe this person and identify them@ and
that he was not Ain there to really observe the
guy.@  Curry questioned Officer Simmons about Curry=s
attire. Officer Simmons said that he did not notice anything unusual about
Curry at the time of the delivery and that he was not focusing on any skin
discoloration, noticeable scars, or missing teeth.  Curry pointed out that Officer Simmons listed
in his report of the October 11, 2006 transaction that Curry stood 5=10@ tall
and weighed approximately 175 pounds but that Officer Simmons listed in a
subsequently prepared arrest warrant affidavit that Curry stood 5=11@ tall
and weighed approximately 230 pounds, a weight difference of fifty-five pounds.
Curry=s
closing argument primarily focused on his defensive theory of mistaken
identity.  He concluded his argument with
the following: 








What we=ve got here is just a
case of mistaken identity.  Officer
Simmons was out doing his job, but police officers make mistakes.  And this is the kind of mistake that can cost
a man his freedom.  You need to be sure
beyond a reasonable doubt that it was Mr. Curry that day on October the 11th,
and that=s why we=re asking you to find him
not guilty.

 

The October 11, 2006 delivery offense and the October
17, 2006 possession offense are different offenses, but there are similarities
between the two demonstrating the latter=s
relevance to show Curry=s identity.  Geographically, the offenses occurred in
close proximity to one another.  Officer
Simmons testified that the Budget Suites motel is at most about two to three
blocks from the Arlington Inn or about a Agood
five-minute walk.@ 
The area where both motels are located is Aa
highly, highly, highly documented area where narcotics are being sold@ and
delivered to.  Temporally, the offenses
occurred within a relatively short period of time.  Curry delivered cocaine to Officer Simmons on
October 11, 2006, and Officer Nillpraphan discovered cocaine in Curry=s pocket
on October 17, 2006, just six days later. 
Both offenses involved the same narcotic; cocaine.  Both offenses also occurred at motels.  Furthermore, when Officer Simmons arrived at
the motel on October 11, 2006, Curry approached his vehicle, meeting him
outside in the parking lot. On October 17, 2006, Officer Simmons observed Curry
outside of the Arlington Inn Ajust
walking back and forth.@








Considering this evidence, sufficient
similarities existed between the delivery offense and the extraneous possession
offense such that the extraneous offense was relevant to identify Curry as the
individual who delivered cocaine to Officer Simmons.  Curry=s
possession of cocaine thus made more probable his identity as the individual
responsible for delivering cocaine to Officer Simmons, which is a fact of
consequence in the case apart from its tendency to prove conduct in conformity
with character.  See Tex. R. Evid.
403; Johnston, 145 S.W.3d at 220. 
Accordingly, we hold that the trial court did not abuse its discretion
by admitting evidence of the October 17, 2006 cocaine possession extraneous
offense.

Considering the entire record, to the extent the
trial court may have abused its discretion by admitting the trespass violation,
we hold that any such error was harmless. 
See Tex. R. App. P. 44.2(b) (providing that we disregard error
unless it affected appellant=s
substantial rights).








Curry also argues that the trial court abused its
discretion by admitting the extraneous offense evidence because the evidence=s
probative value is substantially outweighed by the danger of unfair
prejudice.  See Tex. R. Evid.
403.  Curry, however, did not assert a
rule 403 objection to the evidence when he raised the extraneous offense matter
before the trial court.  His only basis
for asserting this argument seems to be the trial court=s
comment when making its ruling on the admissibility of the extraneous offenses
that Athe
probative value outweighs the prejudicial effect on this.@[2]  A trial court need not engage in a rule 403
balancing test unless the opponent of the evidence asserts a rule 403
objection.  See Feldman v. State,
71 S.W.3d 738, 754 (Tex. Crim. App. 2002); Montgomery, 810 S.W.2d at
388.  The trial court=s
comment utilizing common rule 403 verbiage was not sufficient to raise and
preserve Curry=s rule 403 argument that he now
asserts on appeal.  See Tex. R.
App. P. 33.1(a)(1)(A).  Accordingly, we
overrule Curry=s sole issue and affirm the
trial court=s judgment.

 

 

PER CURIAM

PANEL:  HOLMAN, WALKER, and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 18, 2008











[1]See Tex. R. App. P. 47.4.





[2]Curry states, AThe trial court, having
interjected the balancing test for admission of relevant, but prejudicial
evidence into the record, [Curry] will address admission of the offenses under
[rule of evidence 403].@